PER CURIAM
*247 In this juvenile delinquency matter, youth was found to be within the jurisdiction of the juvenile court based on acts which if committed by an adult would constitute one count of unlawful sexual penetration in the first degree, ORS 163.411, two counts of sexual abuse in the first degree, ORS 163.427, and three counts of coercion, ORS 163.275. Youth filed a motion for judgment of acquittal in the juvenile court, which was denied. On appeal, youth challenges his adjudication on each count as not based on sufficient evidence. He also contends that the state failed to produce certain evidence required by Brady v. Maryland , 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed. 2d 215 (1963), in violation of his due process rights. We affirm.
Youth's first, second, and third assignments of error pertain to the unlawful sexual penetration and sexual abuse counts. We reject those assignments without written discussion. We also reject without discussion youth's Brady argument. We write only to address briefly youth's fourth, fifth, and sixth assignments of error, which challenge the finding of jurisdiction based on the three coercion counts. As relevant here,
"A person commits the crime of coercion when the person compels or induces another person to * * * abstain from engaging in conduct in which the other person has a legal right to engage, by means of instilling in the other person a fear that, if the other person * * * engages in conduct contrary *530 to the compulsion or inducement, the actor or another will:
"(a) Unlawfully cause physical injury to some person."
ORS 163.275(1).
The state alleged and offered evidence at youth's hearing that youth threatened to kill the victim, her mother, and her brother if the victim disclosed youth's sexual conduct toward her. Youth argues on appeal that the evidence was insufficient to prove that youth threatened anyone. In particular, youth argues that the victim "repeatedly testified that youth never actually told her that he would hurt anyone, she just 'knew he would if [she] told' " because she *248 knew that he had a metal bar in his bedroom that had been part of his Halloween costume. In response, the state argues that evidence of statements that the victim made shortly after the incident to her mother and to the CARES evaluator, regarding youth's threat, was sufficient to support jurisdiction based on coercion.
We agree with youth that, when a person is accused of a crime based solely on words spoken, evidence as to what words the person actually spoke is very important. If the only evidence in this case were the victim's testimony at the hearing that youth said "do not tell anyone," then we would face a serious question about the sufficiency of the evidence to prove the three coercion counts. That was not, however, the only evidence. Most importantly, the record includes a recording of the victim's CARES interview, which took place nine days after the incident. In that interview, the victim was asked whether someone "told her not to tell" about the incident, to which she responded, "Yes, he threatened me and he said, 'Dude, I'll kill your mother and you and your brother'-***** (Inaudible) kill my family." Given that evidence, we reject youth's fourth, fifth, and sixth assignments of error.
Affirmed.